**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                              Criminal No. 05-cr-157-1-JD
                                                                                       06-cr-148-01-JD

Terri Thurlow

**O R D E R**

On December 10, 2007, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on one alleged violation of conditions of supervision.  Defendant stipulated to probable cause on the violations.  I therefore find probable cause to hold her for a revocation hearing.

Defendant sought bail conditions under Rule 32.1(a)(6).  Under Rule 32.1(a)(6) defendant bears the burden of establishing by clear and convincing evidence that she will not flee and that she poses no danger to any other person or to the community.  Defendant has a history of not "showing up."  When she first met with the Portsmouth police and confessed to embezzlement from her 94 year old employer and his Alzheimer-inflicted wife, she asked to be permitted to go home to tell her parents.  She was to then self-surrender within one hour.  She fled and was arrested in North Carolina one year later.  She pled, was sentenced and was permitted to self-surrender to the Bureau of Prisons.  She failed

to do so.  She was sentenced on that charge to be served consecutively.

Judge DiClerico advised her that she must report to probation within 72 hours of release.  The "sentence" mailed to her before release stated the same thing.  BOP released her in error.  She did not report to probation, but went to live with Tom Annis who was also wanted on fugitive warrants.  She is a risk of flight.  There are no conditions which are likely to assure her presence.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection

with a court proceeding.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 17, 2007

cc:   Jeffrey S. Levin, Esq.
      William E. Morse, Esq.
      U.S. Marshal
      U.S. Probation